IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY ROTH,**

    **Petitioner,**

**v.**                                 **CIVIL ACTION NO. 1:06CV172**
                                    **CRIMINAL ACTION NO. 1:05CR47-1**
                                                **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**


**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION
(Civ. Dkt. No. 44; Cr. Dkt. No. 115) AND DENYING
PRO SE PETITIONER'S MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE (Civ. Dkt. 1; Cr. Dkt. 69)**

On November 21, 2006, the pro se Petitioner, Timothy Roth ("Roth"), filed a petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In that petition, Roth asserts that the district court violated the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C.App. § 2, Art. IV, by returning him to state custody to await his sentencing hearing after he entered his guilty plea. He also asserts that his counsel was ineffective in failing to object to this violation. The Court referred this petition to United States Magistrate Judge John S. Kaull for initial review, report and recommendation in accordance with Standing Order No. 4 and pursuant to Local Rule of Prisoner Litigation 83.15.

**ROTH V. USA**                                                    **1:06CV172**
                                                                   **1:05cr47-1**

# ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

On May 28, 2008, the magistrate judge entered his Opinion/Report and Recommendation ("R&R"), recommending that Roth's § 2255 petition be denied and his case dismissed with prejudice. Roth timely filed objections on June 5, 2008. On January 21, 2009, this Court rejected the R&R due to certain factual discrepancies and remanded the case to the magistrate judge for further consideration. On June 4, 2009, the magistrate judge issued the R&R that is pending before the Court. On June 18, 2009, Roth filed timely objections to it.

This case raises two questions: Whether Roth's counsel was ineffective for failing to raise the violation of the IADA; and whether the United States Marshals Service ("Marshals") interfered with Roth's ability to receive effective assistance of counsel. Because the Court finds that counsel did not unreasonably overlook the fact that a detainer had been filed, and because the Marshals did not conceal the detainer, it adopts the R&R.

## I. FACTS AND PROCEDURAL HISTORY

**A.    Factual History**

In 2005, Roth was sentenced to Anthony Correctional Center in White Sulphur Springs, West Virginia, by the Harrison County Circuit Court for violating his West Virginia parole. On May 5,

ROTH V. USA	1:06CV172
	1:05cr47-1

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION
AND DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

2005, Roth was charged with a violation of 18 U.S.C. §§ 922(j), 924(a)(2), and 2, aiding and abetting the possession of a stolen firearm, in this Court, and also charged with one count of aiding and abetting the possession of a firearm by a drug user or addict, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2), and 2.

On May 20, 2005, Magistrate Judge Kaull granted a motion by the United States for a writ of habeas corpus <u>ad prosequendum</u> for Roth. On June 13, 2005, Roth was released from state custody, arraigned before Magistrate Judge Kaull, and returned to the Anthony Correctional Center, where the Marshals lodged a detainer against him dated June 14, 2005. Roth signed the detainer on June 24, 2005.

On June 26, 2005, Magistrate Judge Kaull again entered an order granting a motion for a writ of habeas corpus <u>ad prosequendum</u> for Roth, which was executed on the same day. Pursuant to that writ, Roth was brought before this Court on August 5, 2005, for his plea hearing. During that hearing, Roth entered a plea of guilty to the charge of aiding and abetting the possession of a stolen firearm. Following his change of plea hearing, the Marshals returned him to state custody.

**ROTH V. USA**                                                    **1:06CV172**
                                                                   **1:05cr47-1**
**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION
AND DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

On November 17, 2005, this Court issued an order granting the government's motion for a writ of habeas corpus <u>ad</u> <u>prosequendum</u> for Roth, which the Marshals executed on the same day. Pursuant to that writ, Roth appeared before this Court on November 23, 2005, when he received a sentence of 70 months of imprisonment, to run consecutively to the sentence imposed by the Circuit Court.

**B.    <u>Roth's Claims</u>**

Roth contends that the Court violated the anti-shuttling provisions of Article IV(e) of the Interstate Agreement on Detainers Act, 18 U.S.C., App. § 2 ("IADA"). He argues that the language of the IADA mandates dismissal of his claims because he was "shuttled" between state and federal custody during the pendency of his case.  Additionally, Roth alleges that his counsel was ineffective for failing to raise this issue with the Court at the time when it occurred, and that the Marshals interfered with his ability to receive effective assistance of counsel.

**C.    <u>The Magistrate Judge's First R&R</u>**

In his first R&R, the magistrate judge correctly set forth the relevant language of the IADA, which provides that, when a prisoner is taken from state to federal custody pursuant to a detainer, he must remain in federal custody until trial or other disposition of

4

the charges against him.  18 U.S.C., App. § 2, Art. IV(e).  If the prisoner is returned to state custody before trial, the Court must dismiss the indictment with prejudice.  Id.

Citing United States v. Mauro, 436 U.S. 340 (1978), the magistrate judge explained the difference between a writ of habeas corpus ad prosequendum and a detainer for purposes of the IADA and reasoned that, because Roth had been taken into federal custody pursuant to writs of habeas corpus ad prosequendum, rather than pursuant to a detainer, no violation of the IADA occurred.  The magistrate judge based this conclusion on his understanding that no detainer had been filed, stating: "[B]ecause the United States did not issue a detainer in this case, there was no violation of the IADA." (Civ. Dckt. No. 44, pg. 3).  Nevertheless, later in the decision, he stated that "the record shows that the writs [of habeas corpus ad prosequendum] were issued before the detainer was filed," (Civ. Dckt. No. 44, pg. 4), indicating that a detainer in fact had been filed.

**D.   Roth's Objections To Magistrate Judge's First R&R**

In his objections, Roth asserted that the magistrate judge erroneously concluded that the writs of habeas corpus ad prosequendum were issued prior to the detainer, when, in fact, the

5

**ROTH V. USA**                                                                 **1:06CV172**
                                                                                                     **1:05cr47-1**

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION
AND DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

detainer had been issued on June 14, 2005, and two of the writs were issued after that date. Because of the sequence of filings in this case, he argued that the magistrate judge incorrectly concluded he was not subject to the protections of the IADA.

### E.   Order Rejecting Magistrate Judge's Initial R&R

After conducting a <u>de novo</u> review, the Court found that there were factual discrepancies between the magistrate judge's R&R and the record. Finding that a detainer, in fact, had been issued, it rejected the magistrate judge's initial R&R, sustained Roth's objections and again referred the case to the magistrate judge for further consideration. Subsequently, the magistrate judge appointed counsel for Roth and conducted an evidentiary hearing.

### F.   Magistrate Judge's Second R&R

Following further review, the magistrate judge again recommended that Roth's Motion to Vacate, Set Aside, or Correct Sentence be denied and dismissed with prejudice.

#### 1. IADA Violation

Noting the actual sequence of events in the case, the magistrate judge found that a violation of the anti-shuttling provisions of the IADA had, in fact, occurred. However, he concluded that a prisoner cannot obtain relief under 18 U.S.C.

§ 2255 for a violation of the anti-shuttling provisions of the IADA.

The magistrate judge referenced the standard for federal habeas review articulated in Bush v. Muncy, 659 F.2d 402, 409 (4th Cir. 1981):

> [O]nly those statutory rights of a fundamental nature closely related to constitutionally secured rights to fair prosecution and adjudication should be subject to vindication by collateral review of criminal convictions. Though these may include other rights than those directly related to the establishment of guilt or innocence, we do not think they extend to non-traditional statutory guarantees no matter how worthy of purpose that are peripheral to the historic central concerns with fundamental fairness in the prosecutorial and adjudicative processes leading to criminal conviction and confinement.

Again quoting from Bush, the magistrate judge held that the anti-shuttling provisions of the IADA do not involve a "fundamental right historically considered critical to the protection of the criminal accused against the unfair prosecution and trial by the state." Id. at 409. Therefore, a defendant cannot obtain relief for a violation of the anti-shuttling provisions under 18 U.S.C. § 2255. Indeed, the magistrate judge held that the Court was

7

**ROTH V. USA**                                                            **1:06CV172**
                                                                                            **1:05cr47-1**
**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION
AND DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

"foreclosed from examining the merits of the Petitioner's IADA claim" in the current action. (Civ. Dckt. No. 44, pg. 8).

The magistrate judge also found that "the Petitioner waived the right to present this issue when he pleaded guilty." (Civ. Dckt. No. 44, pg. 8), citing Baxter v. United States, 966 F.2d 387, 389 (8th Cir. 1992); United States v. Fulford, 825 F.2d 3, 10 (3rd Cir. 1987); and Kowalak v. United States, 645 F.2d 534, 537 (6th Cir. 1981).

### 2. Ineffective Assistance of Counsel ("IAC")

After stating the applicable standard for ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984), the magistrate judge found that Roth's counsel had not been ineffective for failing to raise the anti-shuttling argument. Like the government's counsel, Roth's counsel did not know that a detainer had been lodged against the Petitioner.

**G. Respondent's Objection to the Magistrate Judge's Second R&R**

### 1. Ineffective assistance of counsel & IADA Anti-Shuttling Violations

Roth agrees that Bush establishes the rule that violations of the anti-shuttling provisions of the IADA are not "subject to collateral review in federal habeas corpus proceedings." (Civ.

8

Dckt. No. 46, pg. 2). Nevertheless, he argues against the application of the rule in his case because of "acts of misconduct performed by the U.S. Marshal's [sic] Service," which prevented him from obtaining "the right to receive effective assistance of counsel." (Civ. Dkt. No. 46, pg. 2). According to Roth the Marshals actively concealed the detainer on him by not filing "the detainer with the Clerk's Office," and by neither informing his attorney nor the U.S. Attorney about the detainer. (Civ. Dckt. No. 46, pg. 3).

**2    Waiver of IADA Rights**

Roth asserts that he did not waive his right to "present the anti-shuttling violation to the Court, [sic] whenever [he] pled guilty." (Civ. Dckt. No. 46, pg. 4). This assertion is premised on the fact that at his "plea and sentencing hearing, the Court's colloquy did not include any specific discussion regarding the waiver of [his] rights, [sic] under the IADA." (Civ. Dckt. No. 46, pg. 5).

## II.    DISCUSSION

28 U.S.C. § 2255(a) states:

> "A prisoner in custody under sentence of a
> court established by Act of Congress claiming
> the right to be released upon the ground that

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

A petitioner who collaterally attacks his conviction under § 2255 bears the burden of establishing his right to relief by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). The Court's review of the issues raised in Roth's objections is de novo, but it may adopt any findings of the R&R to which Roth did not object without conducting a de novo review. Fed. R. of Civ. P. 72(b)(3).

   **1.   Violations of the Anti-Shuttling Provisions of the IADA**

It is undisputed that a violation of the anti-shuttling provisions of the IADA occurred because Roth did not have a trial on his indictment before he was returned to his place of state imprisonment. However, it is also clear under the law that a violation of the anti-shuttling provisions of the IADA cannot be examined in a post-conviction collateral proceeding such as a § 2255 motion. Bush, 659 F.2d at 409.

# ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Roth does not contest this as a legal principle; however, he argues that the law should be otherwise. The Court is bound by precedent, and therefore cannot oblige Roth's request. Thus, it adopts the magistrate judge's recommendation as to the effect of violations of the IADA. Specifically, "the Court is foreclosed from examining the merits of the petitioner's IADA claim in this, a post conviction collateral proceeding." (Civ. Dckt. No. 44, pg. 8).

### 2. **Waiver of IADA Rights**

In Roth's objections to the R&R, he challenges the Magistrate Judge's conclusion that Roth waived his right to complain about the violation of the IADA when he pled guilty. The Court need not address this issue, however, because, even had Roth not waived his IADA rights, for the reasons already discussed, he could not challenge the violation of those rights in this habeas proceeding.

### 3. **Ineffective Assistance of Counsel**

The Sixth Amendment right to counsel encompasses the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, Roth must show (1) that his attorney's representation fell below an objective standard of reasonableness, and (2) that counsel's unreasonable errors had a prejudicial effect on his

**ROTH V. USA**                                                               **1:06CV172**
**1:05cr47-1**

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION
AND DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

defense. Id. at 694. Both prongs must be met to establish ineffective assistance of counsel. United States v. Roane, 378 F.3d 382, 406 (4th Cir. 2004).

The Supreme Court has stated that a reviewing court must "eliminate the distorting effects of hindsight" and "evaluate the conduct from counsel's perspective . . ." when analyzing the performance of counsel. Strickland, 466 U.S. at 689. Due to the difficulty of such an evaluation, the Court must "indulge a strong presumption" that counsel's conduct and tactics are within "the wide range of reasonable professional assistance." Id. at 689. Further, "the standard of reasonableness is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). An attorney's lack of knowledge about a detainer, standing alone, is insufficient to establish that her representation fell below an objective standard of reasonableness. Here, it was not unreasonable for counsel to be ignorant of a detainer having been filed against Roth, because detainers are not filed on the court's Case Management, Electronic Case Filing ("CM/ECF") system. In fact, neither Roth's counsel nor the government's attorney knew about the detainer.

Roth, however, did know about the detainer, yet he failed to tell his attorney. It is disingenuous for him now to claim

12

ineffective assistance of counsel for the attorney's lack of knowledge of a detainer when Roth himself could have told counsel but chose not to do so. Because Roth has failed to meet his burden as to the first prong of the Strickland test, he cannot show ineffective assistance of counsel.

### 4. Interference with Effective Assistance of Counsel

Alternatively, Roth argues that the Marshals concealed the detainer lodged against him, and thereby interfered with his ability to receive effective assistance of counsel. This claim is without merit.

Roth first argues that the Marshals actively concealed the detainer by failing to file it in the CMECF system. However, as was made clear at the evidentiary hearing, detainers are not filed on the CMECF system. Roth also argues that the Marshals actively concealed the detainer by failing to notify the government and his attorney about it. Even if the Marshals had actively concealed the fact that a detainer had been filed from the government and defense counsel, Roth knew of the detainer and could have advised his attorney. This would have made the Marshals' alleged concealment useless. Furthermore, there is absolutely no evidence that the Marshals actually sought to conceal the detainer. Roth's argument

13

**ROTH V. USA**                                                                  **1:06CV172**
                                                                                                  **1:05cr47-1**

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION
AND DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

is mere conjecture. Therefore, the Court concludes that the United States Marshals Service did not interfere with Roth's ability to receive effective assistance of counsel.

### III.    CONCLUSION

For the forgoing reasons, the Court **ADOPTS** the Opinion/Report and Recommendation of the Magistrate Judge (Civ. Dkt. No. 44; Cr. Dkt. No. 115) and **ORDERS** that Roth's Pro Se Petition to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 (Civ. Dckt. 1; Cr. Dckt. 69) be **DENIED** and **DISMISSED WITH PREJUDICE.**

The Court directs the Clerk to forward a copy of this Order to counsel of record and all appropriate agencies and to mail a copy to the pro se petitioner, certified mail, return receipt requested.
Dated: November 2, 2009.

                                               /s/ Irene M. Keeley
                                               IRENE M. KEELEY
                                               UNITED STATES DISTRICT JUDGE